Education, and applicants have received a signed form of the application. Good morning, your honors. Michael Lee on behalf of Appellants. I would like to reserve five minutes for rebuttal. This case has two distinct issues. One is whether or not the grant of summary judgment was premature in light of the scheduling posture of the case. And the second is whether or not the court properly applied race judicata. We suggest the answer is no on both of those issues. First, we believe that summary judgment was premature because discovery had not even commenced, let alone been completed on this case. Was it summary judgment or summary disposition? Like our 12B-6? I believe it was a Rule 56 motion, which is why we argue that under Rule 56-D the court could have delayed its ruling pending a scheduling order. The matter was initially scheduled to be argued on March 26th of 2013 and it was supposed to be an oral argument on the motion for summary judgment as well as a scheduling order. When the parties arrived for oral argument, the court had inadvertently failed to schedule it and had to reschedule it. The court then rescheduled the motion for April 22nd, 2013. In the interim, on April 9th, 2013, the court issued a written opinion and order granting summary judgment. So there was never an actual hearing on the motion for summary judgment. There was only the trial court's written opinion on summary judgment. So we don't really know exactly why the court chose to issue its opinion and order without oral argument and we don't know exactly where the court was coming from. We believe it was premature to grant it, though, since all of this arose out of a state statute that was signed into law by the governor on July 19, 2011. It was a statute that amended three separate state statutes, including the Public Employment Relations Act, the School Code, and the Michigan Teachers Tenure Act. And therefore, there has come out of this a great deal of litigation, including the state court claim that's sort of analogous to this that we had filed regarding these layoffs. But that state court claim initially began only with Michigan constitutional challenges, not with federal constitutional challenges. And so, it was in that posture that this matter was filed and pursued and summary judgment granted. Why, I guess, you know, why didn't you and bring this claim in the state action and why shouldn't you have to? I mean, it's the exact same, you know, subject matters, just a different theory. And I mean, the state courts deal with this sort of claim every day. I mean, why a separate lawsuit? Because we would have preferred to have had federal court judges examining the United States Constitution versus a state court judge examining the United States Constitution. Routinely over the last 10 or 15 years, Your Honor, when there have been, even in federal court, when there have been federal claims and state claims, the federal court will address the federal claims and kick the state claims back. That's when a single unified case is brought in federal court. We have the opposite here. We have a case that was brought in state court. And then, you know, and I think we have some kind of state due process theory in that case, if I'm wrong. That is correct. And then, but then we have a second federal case that's filed with a federal due process theory. That's quite different from a federal district court declining to exercise supplemental jurisdiction. And I mean, why, I guess I'm just scratching my head about why we have two lawsuits. And I understand your answer, but the cases that you referred to don't, aren't this situation. Are there cases that you're aware of, where, you know, out of our circuit perhaps, where our court has said it's fine to bring your federal due process claim in federal court, while you have a state court case with a state, you know, similar state theory pending at the same time. I'm not aware. I haven't seen that really. I'm not aware of any, your honor. But at the same time as plaintiffs, we remain the masters of our complaint and we get to choose our forum and we get to choose our causes of action. But here it's for, you know, that's kind of what I'm getting at. Sure. Except the state court claim obviously isn't in the federal system. And in fact, the state court claim has taken on an entirely different dynamic and is now based solely upon the state statute. Is that case still pending? What is the status of that, just out of curiosity? There were four motions for summary disposition filed in the state court. Each of those motions has been denied. There is a- That case is still in- Yes. You guys in Oakland County? Actually, the defendant has filed an application for leave to appeal to the Michigan Court of Appeals. Okay. And a stay has been entered pending a decision on that, on that application. So it is now solely based on whether MCL 380.1248 and 1249 create a private cause of action. The state constitutional claims are completely out of that case now. So we believe that, well, it was a tactical decision to file them as separate claims and to file them, one in federal court and one in state court. But I don't believe that we want to get into a situation where state court judges are routinely deciding federal law or U.S. constitutional law with all due respect to the state court bench. They do it every day. They do it in cases, frankly, where the stakes are pretty high, criminal cases, every single day. Okay. But that is in criminal cases. I would suggest that in a case like this, it's still a little bit different to have a state court address a United States constitutional due process claim. And again, with all due respect to the state court benches and the entire circuit, if not the entire court. It'd be a tough opinion to write there, right? I mean, you know. Telling the state judges they're not confident to do this. I wouldn't suggest a matter of confidence, but the way the state court civil procedure works, it would just be riskier. State court motions for summary disposition need be filed only 21 days before decision. And the state court case in this instance was rare in that the state court judge issued written opinion. That's extraordinarily rare in state court cases in Michigan. It's frequently the case that it's a granted or denied, and then there's a subsequent fight about the wording of the order, irrespective of what the court meant. I'm a little thrown off here about the talk about the judge below having prematurely granted summary judgment. If the judge, the district court granted the motion to dismiss based on race judicata, isn't that what happened? That is. That was one of the courts. And that's not really a summary judgment disposition. He's actually granting a motion to dismiss as a matter of law when he's ruling on this race judicata issue. And if that's so, we don't really explore this argument that discovery was needed and the district judge improperly didn't permit discovery. We would simply look to see if race judicata was properly applied here or not. What's wrong with that argument? Well, I think that the district court below did say, did indicate that he did not have to allow for discovery. And he did that in part based on an interpretation of Twombly that I disagree with, Your Honor. But with regard to the race judicata, we take issue with that ruling as well, because I believe that the ruling there was that the federal, the U.S. constitutional claims could have been brought. And I think that is too broad a ruling. I think that this circuit has ruled both that it embraces a narrow and a broad view of race judicata. I think that it's inaccurate to say that it is per se a broad view of race judicata. And I think that the district court in this case took too broad a view of race judicata. In ruling upon the race judicata issue, the judge was deciding whether these individuals had a property interest in the teaching job and whether the issue was presented that way in state court and decided the issue obviously adversely to your client. What was wrong with the district judge's interpretation of the race judicata issue that we're now looking at on appeal? Yeah, you can go ahead and answer that. I think, Your Honor, the district court too broadly interpreted whether or not that particular claim could have been brought in the state court for the reasons I've stated previously. And therefore, I think that that broad view of race judicata was too broad, in fact. Well, it could have been brought undisputedly. Could have, I mean, it could have added it to the Oakland County complaint. Could it have been theoretically? Yes, yes. People do it every day. Well, I don't know that people have done it every day for the last 10 or 15 years, but there is much more. I would suggest to the bench, there is much more forum shopping and has been quite candidly since 1992 in Michigan. I've practiced in Michigan. It's really not unusual to join a federal claim to state claims in state court. But since you're out of time, we'll hear from your opposing counsel. Thank you, Your Honor. Good morning, Your Honors. It's a pleasure to be here. George Messers on behalf of the Southfield Board of Education. Your Honor, this presents a classic situation to which race judicata should be applied, applied of Southfield Education Association. Don't we normally apply it in cases where you have a final judgment? Pardon? Don't we normally apply race judicata, thing already adjudicated, I think, is the Latin, in cases where you have a final judgment? I mean, it's not our, but I'm just curious. I think I understand what your point is. And in this case, the judge in the state court case made a conclusion that defendant was entitled to summary disposition. In Michigan, you file a motion for summary disposition. It's a motion for summary disposition. It's an interlocutorial decision. And I think in that circumstance, that it's appropriate to apply the doctrine of race judicata. I thought, I mean, there's a difference between a summary disposition order that's interlocutory, all right, and a final judgment, right? And I thought, and it's been a little while, but I thought in Michigan, you had to have a final judgment for race judicata. Well, this is a final determination at the trial court level on the issue. Final judgment is nothing left for the trial court to do. There's still stuff the trial court's doing here. There is no final judgment in this case. Well, there's not a final judgment after a trial, et cetera, but the court has determined that defendant is entitled to summary disposition. I mean, that's like, you know, a summary judgment ruling in federal court, but there's still another claim. And so the case continues. You can't appeal that here as a final judgment. It's the same thing in this case. It's not a final judgment. Well, the plaintiff theoretically may appeal this once a final judgment is entered, but the fact that an appeal has been filed or may be filed is not determinative on breast judicata in the sense that Michigan has a rule as stated by the trial court judge in this case, that a judgment pending on appeal is deemed breast judicata in Michigan. What case do you have for that? City of Troy Building Inspector versus Hershberger. It's a 1970 case. In anticipation that your honors might be raising the fact that it's a 1970 case, I did review the question of whether that's still good law. And what I determined is it is still good law. And in fact, this court has relied on the Hershberger case in Hakeem, H-A-K-I-M versus Wolverine Packing, 786F2nd, 1164. It's a 1986 case. The Michigan Court of Appeals has since relied on the Hershberger rule in Temple versus Kalel Distributing Co., 183 Mishap, 326, 1990. There are also multiple other unpublished decisions by the Michigan Court of Appeals and federal trial courts relying on that case. Hershberger. That's helpful, I appreciate that. Well, thank you very much for raising that issue because I- Sounds like you were ready. I will. The year 1970 jumped out at me and it's now 40 years, five years later. Now, I think that some of these decisions by the Michigan Court of Appeals are not models of judicial clarity and vaguely referred to finality without defining it. But I would submit to the court that any arguable interpretation of those cases, finality was really not at issue. And it's clear that this Hershberger case remains good law. And at any rate, you've got a state court claim by the plaintiff, which is Health, Field, Education Association of the Union on behalf of its members, alleging that there was a violation of the due process rights under the state constitution. Then you've got, we've got the federal court case that by the way, the federal court case alleging based on the same facts, a violation of the U.S. constitution. And then we have the state court determination that plaintiff was entitled to, or defendant was entitled to summary disposition on that claim. So even though it might be appealed at some point after final judgment is entered, I believe that the doctrine of res judicata is appropriate to apply now. And certainly as Judge Kethledge, you pointed out earlier, this is the federal constitutional claim could have been brought, but was not in the state court claim. A couple of things, plaintiff has never identified what discovery might be appropriate. I believe that as Judge Clay pointed out that this is a motion to dismiss. It was brought in the federal district court under both rule 12B and rule 56C. I brought it under both because of course, I was relying on something outside the pleadings, but I do agree with Judge Clay that it is a 12B6 issue. Ultimately, the MiGRA case raises, of course, the Supreme court decision that I cited in my brief under MiGRA, I think it's clear that there's no ambiguity that federal claims can be brought in state court and must be brought in state court. And if they aren't, state court judgment is res judicata. And let's serve for the questions. And thank you, Judge, for raising an issue I was concerned about and I hopefully prepared for. Well prepared. Thank you. Thank you. Any rebuttal? Just one issue on rebuttal, your honors. And that is with regard to the status of the state court case. As the state court case presently stands, quite candidly, I've won. Because when the state court denied the last motion for summary disposition, that meant that the prior ruling, which said that the layoff of these individuals without the benefit of a layoff policy was improper as a matter of law under the new statute, then they have violated the statute, the remedy for which is reinstatement. Again, though, there is a stay of that order pending the defendant's application for leave to appeal. You've not appealed the ruling on the state constitution. No, no, the defendant has filed an application for leave to appeal. I have not. I'm happy with the posture of the case. So, and if that application for leave is denied, then I presume there will be an application for leave to the state supreme court. And if that application for leave is denied, then we will fight about the remedies for my clients. Assuming any of them are left, because under the statute, the maximum remedy is reinstatement within 30 days of a judgment. That's all they're entitled to under the statute. Thank you, your honors. Thank you. And the case is submitted.